```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:18-00107

MICHAEL MATTHEW PHILLIPS

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion in limine to exclude evidence of his prior convictions at trial. (ECF No. 25). Defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In his motion, defendant seeks to prohibit the government "from introducing any evidence of, or otherwise referring to, any of the defendant's three prior felony convictions. . . ." ECF No. 25 at 3-4. According to the motion in limine, "[c]ounsel anticipates that the defendant and the Government will stipulate that the defendant has a prior felony conviction and that his civil rights to carry a firearm have not been restored." Id. at 3. Given the proposed stipulation, the government has no objection to defendant's motion. See ECF No. 27.

Where a criminal defendant in a felon-in-possession case agrees to stipulate to his status as a felon, the government is precluded from offering "the record of conviction" to prove felon status. Old Chief v. United States, 519 U.S. 172, 191 (1997). The Court held:

> 18 U.S.C. § 922(g)(1) prohibits possession of a firearm
> by anyone with a prior felony conviction, which the

> Government can prove by introducing a record of
> judgment or similar evidence identifying the previous
> offense.  Fearing prejudice if the jury learns the
> nature of the earlier crime, defendants sometimes seek
> to avoid such an informative disclosure by offering to
> concede the fact of the prior conviction.  The issue
> here is whether a district court abuses its discretion
> if it spurns such an offer and admits the full record
> of a prior judgment, when the name or nature of the
> prior offense raises the risk of a verdict tainted by
> improper considerations, and when the purpose of the
> evidence is solely to prove the element of prior
> conviction.  We hold that it does.

Id. at 174.

Based upon the foregoing, defendant's motion in limine is **GRANTED**.  Given that no pretrial motions remain pending which would require a hearing, the pretrial motions hearing scheduled for August 29, 2018, is **CANCELLED**.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and to the Probation Office of this court.

IT IS SO ORDERED this 28th day of August, 2018.

ENTER:

David A. Faber
Senior United States District Judge