IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                        **CRIMINAL NO.: 2:18-00107**

**MICHAEL MATTHEW PHILLIPS**

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to revoke Magistrate Judge Tinsley's Detention Order, pursuant to 18 U.S.C. § 3145(b). (ECF No. 20). The United States filed a response opposing defendant's motion. (ECF No. 21). For the reasons expressed more fully below, that motion is **DENIED**.

### Background

On May 24, 2018, an indictment was returned charging defendant, Michael Matthew Phillips, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Phillips was arrested in the Southern District of Ohio on June 11, 2018. A pretrial services report was prepared by the Probation Office for the Northern District of Wheeling which recommended that Phillips be detained. See ECF No. 21 at p.2. On June 14, 2018, Magistrate Judge Seibert denied the United States motion to detain. See ECF Nos. 6 and 7A in 2:18-mj-0046 for the United States District Court detention hearing was held before Magistrate  On July 9, 2018, Magistrate Judge Tinsley held a detention hearing and, by Orders entered on

July 10 and 11, 2018, revoked defendant's bond and ordered that defendant be detained. See ECF Nos. 12 and 15. Specifically, Magistrate Judge Tinsley found that defendant should be detained because he poses a risk of non-appearance and is a danger to others and the community. The instant motion followed.

## **Analysis**

A defendant may be detained only if the government shows, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure the safety of the community and/or the government shows, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance. 18 U.S.C. § 3142(c), (f) and (g).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the seriousness of the danger to the community or to an individual. 18 U.S.C. § 3142(g).

The court, having taken into account these factors, the entirety of the evidence of record, and the arguments of counsel

FINDS by clear and convincing evidence that defendant poses a risk of non-appearance and is a danger to the community. The court further FINDS that there is no condition or combination of conditions that will reasonably eliminate the risk of non-appearance and assure the safety of the community.

The court acknowledges that defendant is a long-time resident of the area, however, he is unemployed and has been so since 2010. As to whether defendant poses a risk to the safety of others and the community, defendant has a fairly significant criminal record as laid out in the pretrial services report, as well as the response of the United States to the instant motion. Defendant is three-time convicted felon. Furthermore, defendant's record shows a history of continued criminal conduct while on probation, bond and/or home confinement. And in this case, after Magistrate Judge Seibert released defendant on bond, defendant showed up late for his July 9, 2018 arraignment before Magistrate Tinsley. Defendant also admitted to the Probation Office of this court that, while on bond, he had used methamphetamine, Xanax, and heroin.

The factors enumerated in § 3142(g) compel detention. Defendant asked that he be released on bond to complete a twenty-eight day inpatient drug treatment program at Prestera Riverside Center and that, upon completion of that program, he remain on bond to live with his mother, Gloria Phillips. However, as

Magistrate Judge Tinsley noted in ordering defendant detained, defendant began a residential drug treatment program in Weirton, West Virginia on June 9, 2018.  He was unsuccessfully discharged from that program on June 11, 2018.  Defendant's repeated failures to comply with the conditions of home confinement and/or bond make him not only a flight risk but also a danger to others and the community.

Accordingly, for the foregoing reasons, defendant's motion to revoke the detention order is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 13th day of September, 2018.

                        ENTER:

                        *David A. Faber* (signature)
                        David A. Faber
                        Senior United States District Judge